OPINION
{¶ 1} On September 19, 2007, a complaint was filed alleging appellant, Alex Childress, to be delinquent based on five counts of rape in violation of R.C. 2907.02 (Case No. A2007-0721). A second complaint was filed on October 11, 2007 alleging appellant to be delinquent based on theft of a motor vehicle in violation of R.C. 2913.02 (Case No. A2007-0776).
 {¶ 2} A competency hearing was held on January 16, 2008. The trial court had denied appellant's request for a continuance filed the day before the hearing. By judgment entry filed January 18, 2008, the trial court determined appellant to be competent.
 {¶ 3} An adjudicatory hearing was held on February 20, 2008. Appellant admitted to all counts. By judgment entry filed April 11, 2008, the trial court committed appellant to the Ohio Department of Youth Services for a minimum of one year and a maximum period not to exceed his twenty-first birthday.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 5} "THE TRIAL COURT COMMITTED HARMFUL ERROR IN OVERRULING THE CHILD'S OBJECTIONS TO THE MAGISTRATE'S ADJUDICATION OF HIM AS *Page 3 
AN ALLEGED DELINQUENT CHILD AS THE RECORD FAILS TO DEMONSTRATE THAT HE WAS LEGALLY COMPETENT TO PROCEED WITH THE ADJUDICATORY HEARING."
 II {¶ 6} "THE TRIAL COURT COMMITTED HARMFUL ERROR IN DENYING THE CHILD'S REQUEST FOR A CONTINUANCE OF THE COMPETENCY HEARING HELD BELOW."
 III {¶ 7} "THE TRIAL COURT ABUSED ITS DISCRETION IN DETERMINING THAT A COMMITMENT TO THE OHIO DEPARTMENT OF YOUTH SERVICES WAS THE APPROPRIATE DISPOSITION FOR THE INSTANT MATTER."
 I {¶ 8} Appellant claims the record does not support the finding that he was competent to proceed with the adjudicatory hearing. We disagree.
 {¶ 9} Although the Ohio Revised Code does not specifically address the issue of competency in juvenile proceedings, it is argued to by both appellant and the state that competency is an issue. The procedure is parallel to those set forth in the Ohio Criminal Code. See, In theMatter of Shawn Anderson, Tuscarawas App. No. 2001AP030021, 2002-Ohio-776.
 {¶ 10} R.C. 2945.37 governs competence to stand trial. Subsection (G) states the following: *Page 4 
 {¶ 11} "A defendant is presumed to be competent to stand trial. If, after a hearing, the court finds by a preponderance of the evidence that, because of the defendant's present mental condition, the defendant is incapable of understanding the nature and objective of the proceedings against the defendant or of assisting in the defendant's defense, the court shall find the defendant incompetent to stand trial and shall enter an order authorized by section 2945.38 of the Revised Code."
 {¶ 12} Juv. R. 32 governs social history, physical examinations, and mental evaluations of juveniles. Subsections (A)(1) and (4) state the following:
 {¶ 13} "The court may order and utilize a social history or physical or mental examination at any time after the filing of a complaint under any of the following circumstances:
 {¶ 14} "(1) Upon the request of the party concerning whom the history or examination is to be made;
 {¶ 15} "(4) Where a party's legal responsibility for the party's acts or the party's competence to participate in the proceedings is an issue."
 {¶ 16} The trial court conducted a competency hearing on January 16, 2008. At the time of the hearing, appellant was fifteen years old. January 16, 2008 T. at 60. Dr. Cecil Miller prepared an evaluation for the trial court which was filed on January 4, 2008. Dr. Miller was cross-examined by appellant's trial counsel. Id. at 26. Appellant has an IQ in the range of 67 to 77 (borderline range). Id. at 27. Appellant suffers from "a lot of emotional distress, anxiety, probably some depression" and "confused thinking," but is not psychotic. Id. at 28-29. Dr. Miller testified appellant has a "reasonable potential to understand." Id. at 30. On the Bender Visual Motor Gestalt *Page 5 
Test, appellant had some real problems with "structuring and organizing," consistent with ADHD. Id. at 31. Appellant does not demonstrate any neurological problems, but has motivational issues. Id. at 32. His level of social and emotional development is consistent with his age. Id. at 33. Dr. Miller concluded appellant is "very concrete, very simplistic in his thinking. Again, very unhappy, very manipulative, and very blatant animosity towards his father." Id. at 34.
 {¶ 17} As to his competency to stand trial, Dr. Miller opined appellant could assist marginally in his own defense. Id. at 36. Because appellant's cognitive skills are borderline, things need to "be explained in very simplistic, concrete terms." Id. Appellant understood his circumstances, the legal process and his role in it, and "what he needs to do." Id. at 36-37. Appellant understood he had been charged with rape and had a general idea of "what's meant by that term, in a sense that it's probably the understanding of most people his age." Id. at 39, 40, 42.
 {¶ 18} Appellant's mother, Tina Mounts, also testified at the hearing. She explained things have to be kept simple for appellant to understand, and it is hard for him to stay focused. Id. at 47-48. Appellant was in eighth grade and his grades were below average. Id. at 50. He liked gym and history, but was not strong in math. Id. at 52.
 {¶ 19} The trial court called appellant as a witness but did not swear him in, as the trial court asked him questions for the sole purpose of determining competency. Id. at 58. Appellant was able to relate his family's living history, and the names and ages of his siblings. Id. at 59-60. He testified about his history grade of a B+ and how his history teacher kept things simple. Id. at 61-62. Appellant knew what a lie was, who his *Page 6 
attorney was, and what her role was. Id. at 62-63. He understood the role of the judge, and what a witness was. Id. at 64-65. He understood he had been charged with "wrong doing" and the charge was rape. Id. at 66.
 {¶ 20} Upon review, we find the evidence presented was sufficient to establish appellant was competent to stand trial.
 {¶ 21} Assignment of Error I is denied.
 II {¶ 22} Appellant claims the trial court erred in denying his request for a continuance of the competency hearing. We disagree.
 {¶ 23} The grant or denial of a continuance rests in the trial court's sound discretion. State v. Unger (1981), 67 Ohio St.2d 65. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217.
 {¶ 24} The trial court found the request for a continuance was untimely filed (the day before the hearing at 3:36 p.m.). January 16, 2008 T. at 13, 20. Appellant's trial counsel argued she had not received a copy of Dr. Miller's report until the day of the hearing and was not prepared. Id. at 15. She had also requested the assistance of an independent psychologist to consult with to prepare for the hearing. Id. at 11, 13, 18. This request was also made the day before the hearing. The record indicates appellant's trial counsel was aware of Dr. Miller's report some seven days prior to the hearing, but did not request a continuance until the day before the hearing. Id. at 22. *Page 7 
 {¶ 25} Appellant's trial counsel extensively cross-examined Dr. Miller on his report, and called appellant's mother as a witness to testify as to appellant's abilities.
 {¶ 26} Upon review, we find the trial court did not abuse its discretion in denying appellant's request for a continuance or expert assistance.
 {¶ 27} Assignment of Error II is denied.
 III {¶ 28} Appellant claims the trial court's determination to commit him to the Ohio Department of Youth Services was not the appropriate disposition. We disagree.
 {¶ 29} A juvenile court has broad discretion in its disposition for delinquent children. In re D.S., 111 Ohio St.3d 361, 2006-Ohio 5851;Blakemore. R.C. 2152.01(A) sets forth the standard to be employed in juvenile disposition:
 {¶ 30} "The overriding purposes for dispositions under this chapter are to provide for the care, protection, and mental and physical development of children subject to this chapter, protect the public interest and safety, hold the offender accountable for the offender's actions, restore the victim, and rehabilitate the offender. These purposes shall be achieved by a system of graduated sanctions and services."
 {¶ 31} There is no dispute that the trial court had the right to impose a commitment to the Ohio Department of Youth Services. Appellant was adjudicated delinquent on five counts of rape and one count of theft of a motor vehicle.
 {¶ 32} During the dispositional hearing, appellant requested a "home-based" setting with a treatment program endorsed by Dr. Miller. April 11, 2008 T. at 4, 8. The guardian ad litem, Elena Tuhy-Walters, supported home-based treatment through Paint Creek Youth Facility because appellant would have "a better chance of getting the help *Page 8 
that he needs at home through this home-based program than he would just being sent to DYS." Id. at 5-7.
 {¶ 33} The trial court had before it an evaluation by Dr. Miller filed March 8, 2008 that pointed out problems with the mother in disciplining appellant. The evaluation also stated appellant was at moderate to high risk for re-offending. An April 11, 2008 probation evaluation by Anthony Wedemeyer indicated appellant was unable to take responsibility for himself. Appellant's mother was viewed as being nonplused with the charges filed against her son, and it was Mr. Wedemeyer's opinion that she could not assist in the treatment process and in fact might hinder it. At the conclusion of the dispositional hearing, the trial court rejected the home-based treatment plan and committed appellant to the Ohio Department of Youth Services with a recommendation for placement at Paint Creek. Id. at 16-17.
 {¶ 34} Upon review, we find the trial court did not err in ordering commitment to the Ohio Department of Youth Services.
 {¶ 35} Assignment of Error III is denied.
 {¶ 36} The judgment of the Court of Common Pleas of Licking County, Ohio, Juvenile Division, is hereby affirmed.
 By Farmer, P.J., Edwards, J. and Delaney, J. concur. *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio, Juvenile Division, is affirmed. *Page 1